NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
ELLIOT BATES, Pro Se,              :
                                   :
            Plaintiff,             :   Civil Action No. 10-2237 (JAP)
                                   :
    v.                             :
                                   :   **OPINION**
STEPHEN LASKIEWICZ, WAYNE          :
OLEJARZ, JACKSON TOWNSHIP          :
POLICE DEPARTMENT, KIMBALL         :
MEDICAL CENTER,                    :
                                   :
            Defendants.            :
_____:

PISANO, District Judge.

Before the Court is a motion to dismiss filed by Defendant Kimball Medical Center ("Kimball"). Plaintiff Elliot Bates, proceeding before the Court *pro se*, opposes the motion. The Court will grant Kimball's motion to dismiss because Plaintiff failed to file a required affidavit and failed to state a claim for slander.

I.   **Background**

On May 4, 2010, Plaintiff filed his Complaint alleging, *inter alia*, that Kimball deviated from accepted standards of care with regard to Psychiatric Emergency Screening Services ("PESS") evaluations and medical treatment performed on March 13, 2010 and March 15, 2010, and that Kimball slandered Plaintiff in medical reports. According to his Complaint, Plaintiff's claims arise from his filing a complaint at a local police station on March 13, 2010. An altercation ensued at the station, after which Plaintiff was arrested and involuntarily admitted to Kimball Medical Center for PESS evaluations and medical treatment. On March 15, 2010,

Plaintiff again went to the police station to file a complaint. No altercation took place during this visit. Afterward, Plaintiff voluntarily sought medical attention at Kimball Medical Center for shoulder pain, but according to his Complaint, he was again subjected to further PESS evaluations during this visit.

Kimball filed its Answer on May 27, 2010. Lauren H. Zalepka, counsel for Kimball, certifies that Plaintiff was advised at an initial conference with the Court on August 12, 2010 that he had a maximum of 120 days from the filing of Kimball's Answer to provide a malpractice affidavit against Kimball pursuant to N.J.S.A 2A:53A-27. Via letter dated August 27, 2010, Ms. Zalepka reminded Plaintiff of his obligation to file the affidavit. On October 8, 2010, Kimball filed the instant motion to dismiss, claiming that Plaintiff's failure to submit an affidavit warrants its dismissal from the case.

**II.     Discussion**

　　A.     Malpractice

N.J.S.A. 2A:53A-27 provides a maximum of 120 days for a personal injury plaintiff to provide each defendant with an affidavit "that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices." For a medical malpractice cause of action, an expert must execute the affidavit. N.J.S.A. 2A:53A-27. "If the plaintiff fails to provide an affidavit . . . it shall be deemed a failure to state a cause of action." N.J.S.A. 2A:53A-29. Nevertheless, an affidavit is not necessary if the plaintiff provides a sworn statement in lieu of the affidavit setting forth that:

> the defendant has failed to provide plaintiff with medical records or other records or information having a substantial bearing on preparation of the affidavit; a written request therefor along with, if necessary, a signed authorization by the plaintiff for release of the medical records or other records or information

2

>requested, has been made by certified mail or personal service; and at least 45 days have elapsed since the defendant received the request.

N.J.S.A. 2A:53A-28.

Kimball contends that it should be dismissed from the case because Plaintiff failed to provide an affidavit pursuant to the New Jersey statute. Because Kimball filed its Answer on May 27, 2010, Plaintiff's affidavit was due no later September 24, 2010. As of the date of this Opinion, Plaintiff has proffered no evidence that he provided such an affidavit to Kimball by September 24, 2010, nor that he provided a sworn statement in lieu of the affidavit that satisfies N.J.S.A. 2A:53A-28. As such, Plaintiff is deemed as having failed to state a cause of action for his malpractice claims against Kimball.

B.     Slander

In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), the Supreme Court of the United States stated that "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* at 555 (internal citations omitted). Therefore, for a complaint to withstand a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations and footnote omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at (quoting *Twombly*, 550 U.S. at 570). This "plausibility" determination will be "a context-specific task

3

that requires the reviewing court to draw on its judicial experience and common sense." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citations omitted).

In his Complaint, Plaintiff's only mention of slander is the following statement: "The hospital records as well as the police department records has slandered and damaged my name and reputation." (Compl. 3.) Nowhere else in his pleadings does Plaintiff address any records from Kimball. As such, even assuming the allegations in his Complaint are true, they do not rise above the speculative level such that there is a claim to relief that is plausible on its face. Accordingly, Plaintiff failed to state a claim in his Complaint.

In his opposition to the motion to dismiss, Plaintiff claims that the "slander damages made on the record by Kimball Medical Center in civil case 08-5600 (JAP) . . . [are] a violation of [Plaintiff's] rights as well as the allegations outlined in civil case 02237-JAP." (Pl. Br. 1.) First, the Court notes that it is improper to use an opposition to a motion to dismiss to amend a complaint. *See Pennsylvania ex rel. Zimmerman v. PepsiCo*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Even if he could, however, this description of the slanderous statements allegedly made by Kimball fails to state a claim. Plaintiff did indeed bring up a claim of slander in Civil Action no. 08-5600 before this Court, but it was as threadbare as the claim now before the Court and was accordingly rejected as a basis for a motion to reopen the case. (*See* Opinion, Docket Entry no. 48, Civil Action no. 08-5600.) Furthermore, Plaintiff has provided no evidence that the allegedly slanderous statement, which appears to have been made in 2008, (*see* Mot. to Enter Exhibits on the Record, Docket Entry no. 20), has anything to do with the incident underlying the case now before the Court, which occurred in 2010. Thus, Plaintiff's opposition fails to amend his pleadings and he fails to state a claim for slander.

## III.     Conclusion

For the reasons stated above, the Court will grant Kimball's motion to dismiss, and all of Plaintiff's claims against Kimball in this case will be dismissed.  An appropriate Order accompanies this Opinion

/s/ JOEL A. PISANO
United States District Judge

Dated: April 14, 2011