NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ELLIOT BATES, | : | |
| Plaintiff, | : | Civil Action No. 10-2237 (JAP) |
| v. | : | |
| | : | **OPINION** |
| STEPHEN LASKIEWICZ, et al., | : | |
| Defendants. | : | |

PISANO, District Judge.

*Pro se* Plaintiff Elliot Bates brings this action against Defendants Jackson Township Police Department, Stephen Laskiewicz and Wayne Olejarz alleging claims of excessive force and false arrest. Presently before the Court is a motion for summary judgment filed by Defendants. For the reasons that follow, Defendants' motion will be granted in part and denied in part.

## I.  BACKGROUND

On March 13, 2010, Plaintiff received approximately five automated telephone calls, all within fifteen minutes time, regarding power outages and a winter storm. Defs. Br., Ex. B, Bates Dep. 21:3-13. Because he believed that the Jackson Township Police Department was responsible for the calls and was intentionally harassing him by repeatedly dialing his number, Plaintiff went to the police station. *Id.* 21:14-22.

Upon arriving, he was met by Defendant Laskiewicz, a police officer who was attending the station's dispatch desk. *Id.* 22: 16-24. Plaintiff informed Laskiewicz of the repeated calls he was receiving, and was advised that he could not be helped at the police station. *Id.* 24:20-25:4.

Laskiewicz then instructed Plaintiff to leave the station, at which point Plaintiff exclaimed "I want my fucking number off of your auto system." *Id.* 25:3-15.

Laskiewicz then entered the lobby from behind the dispatch desk, where he continued to instruct Plaintiff to leave the station. *Id.* 25:17-22. Plaintiff asserts that Laskiewicz began forcefully pushing him and, five seconds later, when Plaintiff responded that he wanted his problem resolved, Laskiewicz placed Plaintiff under arrest. *Id.* 25:17-26:1; 29:11-31:14.

As Laskiewicz began to handcuff Plaintiff, Defendant Olejarz, another police officer, restrained Plaintiff. *Id.* 26:1-25. Specifically, Plaintiff states that Olejarz put one of his forearms around Plaintiff's neck in a choking position, and aggressively lifted and twisted Plaintiff's free arm behind his back. *Id.* 26:4-25; 37:4-38:7. He asserts that Olejarz continued to apply more force and lift his arm higher behind his back as he screamed in pain. *Id.* 26:4-25; 37:4-38:7. Plaintiff claims that he cooperated the entire time he was being arrested and did not resist in any manner. *Id.* 34:20-23. No charges were ultimately brought against him. *Id.* 52:15-19.

Plaintiff alleges that he suffered numerous injuries during the course of his arrest. He claims that the manner in which was handcuffed by Laskiewicz led to punctures and bleeding of his wrist and abdomen, *id.* 44:8-9, and that Olejarz's actions in restraining him caused injury to his left shoulder, resulting in a decreased range of motion and continued pain. *Id.* 26:4-25; 72:17-73:11.

With regard to medical treatment, Plaintiff was driven to Kimball Medical Center for a Psychiatric Emergency Screening Services ("PESS") evaluation following his arrest on March 13. *Id.* 40:3-8. After the evaluation was complete, he states that he sought, but did not receive, treatment for his left shoulder. *Id.* at 46:15-24. He did, however, return to Kimball Medical Center two days later, on March 15, 2010, and complained of continued pain in his shoulder. *Id.*

52:20-53:1.  Prior to his release from Kimball, Plaintiff was given another PESS evaluation.  *Id.* 53:10-16.  In addition to his visits to Kimball, Plaintiff visited Jersey Shore University Medical Center on at least two occasions complaining of severe pain, and had numerous visits with a physical therapist.  *Id.* 55:6-60:5.

On May 4, 2010, Plaintiff filed a complaint with this Court.  Therein, he asserts claims of excessive force and false arrest in connection with the March 13, 2010 incident at the police station.[1]  On June 24, 2011, Defendants filed the instant motion for summary judgment.  In support of their motion, they assert that Defendant Jackson Township Police Department cannot be held liable because Plaintiff has not established a specific policy or custom that violated his rights, and that Defendants Laskiewicz and Olejarz are entitled to qualified immunity.  In a submission dated June 18, 2011 and captioned as a motion for a jury trial, Plaintiff attached copies of his medical records.[2]

## II.     STANDARD OF REVIEW

To prevail on a motion for summary judgment, the moving party must establish "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The substantive law identifies which facts are "material."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986*).*  In determining whether a genuine dispute of material fact exists, the court must view the facts in the light most favorable to the non-moving party and extend all reasonable inferences to that party.  *Matsushita Elec. Indus. Co.*

---

[1] Although Plaintiff does not clarify the nature of his cause of action, the Court construes his excessive force and false arrest claims as having been brought pursuant to 42 U.S.C. § 1983.  Moreover, Plaintiff also asserts a claim for slander in his complaint; however, during his deposition on May 25, 2011, he clarified that the slander claim is asserted against Kimball Medical Center, not Jackson Township Police Department or Laskiewicz or Olejarz.  Bates Dep. 71:18-21.  On April 4, 2011, the Court dismissed all claims against Kimball Medical Center, including the slander claim.  (DE 36, 37.)

[2] Although Plaintiff filed this submission as a motion for a jury trial, the Court construes it instead as an opposition to Defendants' motion for summary judgment.  Moreover, both Plaintiff's Complaint and Defendants' Answer contain jury demands.

*v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Stephens v. Kerrigan,* 122 F.3d 171, 176-77 (3d Cir. 1997). The Court is not to "weigh the evidence and determine the truth of the matter," but instead need only determine whether a genuine issue necessitates a trial. *Anderson*, 477 U.S. at 249.

The moving party bears the initial burden of demonstrating the absence of a genuine issue, regardless of which party ultimately would have the burden of persuasion at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Once that showing has been made, the burden then shifts to the non-moving party to identify, by affidavits or otherwise, specific facts showing the existence of a genuine issue for trial. *Id.* at 324. The non-moving party may not rest upon the mere allegations or denials of its pleadings, *id.*, and must offer admissible evidence establishing a genuine issue of material fact, not just "some metaphysical doubt as to the material facts." *Matushita*, 475 U.S. at 586. The failure to respond to a motion for summary judgment does not automatically entitle the moving party to the relief sought. *See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990).

**III.   DISCUSSION**

    A.  Jackson Township Police Department

Defendant Jackson Township Police Department[3] asserts that it is entitled to summary judgment on Plaintiff's false arrest and excessive force claims. It is well-settled that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). For recovery to be available, the alleged constitutional violation must carry out either an official policy of the municipality or a custom so

---

[3] For purposes of § 1983, a municipality and its police department are considered a single entity. *See Bonenberger v. Plymouth Twp.,* 132 F.3d 20, 25 n.4 (3d Cir. 1997). Thus, to the extent Plaintiff seeks to name the Township of Jackson as a defendant in this action, summary judgment is appropriate.

4

"well-settled as to virtually constitute law." *McTernan v. City of York*, 564 F.3d 636, 657-58 (3d Cir. 2009).

Here, Plaintiff fails to allege or present evidence demonstrating the existence of any such policy or custom.[4]  Accordingly, municipal liability cannot lie under § 1983, and Defendant Jackson Township Police Department is entitled to summary judgment on Plaintiff's false arrest and excessive force claims.

### B. Defendants Laskiewicz and Olejarz

Defendants Laskiewicz and Olejarz assert that they are entitled to qualified immunity from Plaintiff's false arrest and excessive force claims.  The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)(internal citations omitted).  To determine whether a defendant is entitled to qualified immunity requires a two-step inquiry: (1) whether the defendant's conduct violated the plaintiff's statutory or constitutional rights; and (2) whether the right or rights in question were clearly established at the time of the violation. *Schneyder v. Smith*, 653 F.3d 313, 318 (3d Cir. 2011).  Here, because the Court concludes that factual issues preclude a finding of qualified immunity with regard to both Plaintiff's false arrest and excessive force claims, Defendants Laskiewicz and Olejarz are not entitled to summary judgment.[5]

---

[4] The Court notes that Plaintiff's only conceivable reference to a policy or custom—the complaint he filed with the Jackson Township chief of police on March 15, 2010 for "running his police department in an unprofessional manner, " Compl. at 3; Bates Dep. 49:18-23— is insufficient to establish a failure to train claim or proceed past the summary judgment stage.  *See, e.g.*, *Groman v. Township of Manalapan*, 47 F.3d 628, 637 (3d Cir. 1995)("liability for failure to train subordinate officers will lie only where a constitutional violation results from 'deliberate indifference to the constitutional rights of [the municipality's] inhabitants.'")(internal citations omitted).

[5] Because Defendants Laskiewicz and Olejarz claim qualified immunity from Plaintiff's claims, the Court views the factual allegations in the light most favorable to Plaintiff.  *See Wright v. City of Philadelphia*, 409 F.3d 595, 597 (3d Cir. 2005) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

1. **False Arrest**

Defendants Laskiewicz and Olejarz assert that they are entitled to qualified immunity from Plaintiff's false arrest claim because probable cause existed to: (1) arrest Plaintiff for disorderly conduct pursuant to N.J.S.A. 2C:33-2 because of his "loud and unreasonable use of profanity at the police station"; and (2) to take custody of Plaintiff pursuant to N.J.S.A. 30:4-27.6 based upon a reasonable belief that he needed involuntary commitment to treatment.  Defs. Br. 10-11.

To establish a claim of false arrest under § 1983, a plaintiff must show that the police lacked probable cause for the arrest. *See Groman v. Township of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995). Probable cause to arrest "exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti v. New Jersey,* 71 F.3d 480, 483 (3d Cir. 1995). The question of probable cause is generally one for the jury. *Estate of Smith v. Marasco*, 318 F.3d 497, 514 (3d Cir. 2003) (citing *Montgomery v. De Simone*, 159 F.3d 120, 124 (3d Cir. 1998)).

Here, factual questions related to probable cause preclude a finding that Defendants Laskiewicz and Olejarz are entitled to qualified immunity. With regard to their argument that probable cause existed to arrest Plaintiff for disorderly conduct under N.J.S.A. 2C-33-2, where such a charge is based upon coarse or abusive language, the language must be such "that [it] would incite the hearer to immediate violence or cause an immediate breach of the peace." *Halpin v. City of Camden*, 310 F. App'x 532, 534 (3d Cir. 2009) (citing *In re H.D.*, 206 N.J. Super. 58 (App. Div. 1985)).  Here, a reasonable jury could conclude that Plaintiff's statement,

"I want my fucking number off of your auto system," Bates Dep. 25:14-15, does not rise to that level, and that therefore probable cause was lacking to arrest Plaintiff on that basis.

Similarly, factual issues present in this case preclude a finding of qualified immunity predicated on any other basis, including N.J.S.A. 30:4-27.6. According to Plaintiff's deposition testimony, he was placed under arrest immediately after stating that he wanted his problem resolved,[6] which he asserts occurred only five seconds after Laskiewicz entered the lobby, began pushing him, and instructed him to leave. Bates Dep. 25:17-26:1; 29:11-31:14. There is no indication that Plaintiff threatened Laskiewicz or posed a safety threat to him or anyone else at the police station, and Plaintiff avers that he did not resist or fight back while being pushed and arrested. Bates Dep. 34:20-23. Accordingly, in light of Plaintiff's allegations and testimony, a reasonable jury could conclude that there was no reasonable basis for involuntarily committing Plaintiff pursuant to N.J.S.A. 30:4-27.6 or arresting him for any offense.

With regard to the second prong in the qualified immunity analysis, it is well-settled that the right to be free from arrest without probable cause is clearly established. *Mitchell v. Obenski*, 134 F. App'x 548, 550 (3d Cir. 2005) ("There is a Fourth Amendment right to be free from arrest without probable cause, and this right is clearly established."); *Orsatti*, 71 F.3d at 473. Therefore, Defendants Laskiewicz and Olejarz are not entitled to qualified immunity from Plaintiff's false arrest claim.

---

[6] Plaintiff testified that he did not refuse to leave the station, and that, had he not been arrested, he would have left and returned the next day to file a complaint with the chief of police. Bates Dep. 31:1-22. Additionally, Plaintiff's stated reason for being at the station and his behavior in raising that concern —namely, that the Police Department was intentionally harassing him with repeated automated calls—presents another factual issue relevant to the probable cause determination; in light of Plaintiff's other allegations and a review of the totality of the circumstances, it does not warrant a finding of qualified immunity.

### 2. Excessive Force

With regard to Plaintiff's excessive force claim, Defendants Laskiewicz and Olejarz assert that they are entitled to qualified immunity because Plaintiff has failed to substantiate any injury to his shoulder or causally connect any of his injury complaints to their actions. They contend that the "sole evidence presented by Plaintiff to establish excessive force is his subjective assertion that Officer Olejarz held his arm behind his back more tightly than necessary." Defs. Br. 12.

In determining whether excessive force was used, the Fourth Amendment's "objective reasonableness test" is applied. *Graham v. Connor*, 490 U.S. 386, 395-97 (1989). Under this test, officers' actions must be analyzed "in light of the facts and circumstances confronting them, without regard to their underlying intent or motivations." *Kopec v. Tate,* 361 F.3d 772, 776 (3d Cir. 2004)(quoting *Graham,* 490 U.S. at 397). Factors to consider in making the reasonableness determination include: "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 776-77 (quoting *Graham,* 490 U.S. at 396). A court may also consider "the possibility that the persons subject to the police action are violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time." *Id.* at 777.

Here, a review of Plaintiff's allegations and testimony makes clear that a finding of qualified immunity is inappropriate at this juncture. With regard to the factors relevant to the reasonableness determination, the offense for which Plaintiff was allegedly arrested was non-severe, there is no indication that he posed a safety threat to the officers or others, and Plaintiff

avers that he made no attempt to resist arrest. Moreover, Plaintiff testified that the manner in which Laskiewicz handcuffed him led to bleeding at his wrist and abdomen, and that Olejarz's actions in restraining him—including putting his forearm around Plaintiff's neck in a choking position and lifting his arm high behind his back while Plaintiff screamed in pain—caused substantial damage to his left shoulder.[7]  Bates Dep. 26:1-25; 37:4-38:7.  Based upon this testimony, a reasonable jury could conclude that Defendants Laskiewicz and Olejarz's conduct was objectively unreasonable, and that they violated Plaintiff's rights by using excessive force. *See, e.g. Kopec*, 361 F.3d at 778 (allegations that officer placed plaintiff in excessively tight handcuffs and failed to respond to requests for them to be loosened found sufficient to establish excessive force claim); *Cincerella v. Egg Harbor Twp. Police Dep't*, 2009 WL 792489, at *11 (D.N.J. Mar. 23, 2009)(finding that testimony by plaintiff that he was injured during handcuffing and sought medical treatment raised issue of fact as to the reasonableness of the force used). Correspondingly, the Third Circuit has specifically held that "the right of an arrestee to be free from the use of excessive force in the course of his handcuffing" is a clearly established constitutional right. *Kopec*, 361 F.3d at 778.  Accordingly, the qualified immunity claims of Defendants Laskiewicz and Olejarz must be denied with regard to Plaintiff's excessive force claim.

## IV. CONCLUSION

For the reasons above, Defendants' motion for summary judgment is granted as to Defendant Jackson Township Police Department and denied as to Defendants Laskiewicz and Olejarz.  An appropriate Order will follow.

---

[7] The Court notes that serious physical injury is not a necessary prerequisite to an excessive force claim. *See Sharrar v. Felsing,* 128 F.3d 810, 822 (3d Cir. 1997). Nevertheless, Plaintiff alleged in his complaint and in his deposition testimony that he has received and continues to receive treatment for his shoulder injury, and he also attached medical records to his submission dated June 18, 2011. (DE 40.)

/s/ JOEL A. PISANO<br>United States District Judge

Dated: January 6, 2012